UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY W.,

            Plaintiff,                    **DECISION AND ORDER**

    v.

                                                  6:21-CV-06492-EAW

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.
_____

# INTRODUCTION

Plaintiff Anthony W. ("Plaintiff") seeks attorneys' fees in the amount of $15,230.00 pursuant to 42 U.S.C. § 406(b). (Dkt. 15; Dkt. 19). The Commissioner of Social Security ("the Commissioner") does not object to the requested amount but defers to the Court to determine the reasonableness of Plaintiff's fee request. (Dkt. 20). For the reasons that follow, the Court grants Plaintiff's motion.

# BACKGROUND

On July 21, 2021, Plaintiff filed this action, seeking review of the Commissioner's final decision denying his applications for Disability Insurance Benefits and Supplemental Security Income Benefits. (Dkt. 1). Plaintiff moved for judgment on the pleadings on December 15, 2021. (Dkt. 8). On April 7, 2022, the Court approved the parties' stipulation for remand, reversing the Commissioner's final decision, and remanding the matter for further proceedings. (Dkt. 12).

By Stipulated Order filed on April 20, 2022, the Court approved payment of $6,230.00 to Plaintiff's counsel pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") for services performed in connection with this action. (Dkt. 14).

On April 2, 2023, the Commissioner issued a Notice of Award in connection with Plaintiff's claim, which stated that Plaintiff was entitled to receive $81,191.90 in his past-due benefits. (Dkt. 15-3 at 3). The Commissioner withheld $20,297.98 from Plaintiff's past-due benefits for payment to Plaintiff's representative's legal fees. (*Id*.).

On April 6, 2023, Plaintiff moved pursuant to 42 U.S.C. § 406(b) seeking $15,230.00 in attorneys' fees. (Dkt. 15-1 at 1). In his motion, Plaintiff's counsel indicates that his firm was awarded the sum of $6,230.00 under the EAJA, which he will refund to Plaintiff once the instant fee application is resolved. (*Id*.). The Commissioner filed a response on April 25, 2023, objecting to the amount requested. (Dkt. 16). On May 1, 2023, the Court sought clarification of Plaintiff's position as to the amount of attorneys' fees he was requesting for his representation of Plaintiff's interests in federal court. (Dkt. 18). Plaintiff responded on May 2, 2023, and the Commissioner replied on May 15, 2023. (Dkt. 19; Dkt. 20). In her reply, the Commissioner no longer objected to the amount of Plaintiff's requested fee award, but deferred to the Court to determine its reasonableness. (Dkt. 20 at 2).

## DISCUSSION

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such

>representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits. Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id*. at 807 n.17. As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017). Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are the following: (1) "the

character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[,]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, Plaintiff's counsel seeks $15,230.00, which is less than 25 percent of the past-due benefits withheld by the Commissioner. (Dkt. 15-1; Dkt. 15-3 at 3; Dkt. 17). Utilizing the factors set forth above, the Court finds that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff. Counsel's law firm provided effective representation resulting in Plaintiff successfully receiving the benefits sought. There is no reason to believe that Plaintiff is dissatisfied with the outcome of such representation. Here, the success of Plaintiff's claim was uncertain as demonstrated by multiple denials of his applications at the agency level. Accordingly, the hours expended by counsel were reasonable in light of the issues presented and the extent of representation.

The requested fee would result in a *de facto* hourly rate of $516.27 ($15,230.00 divided by 29.5 hours). (Dkt. 15-2). The Court finds that neither the *de facto* hourly rate, nor the overall requested attorneys' fees amount, constitutes a windfall. Even though the hourly rate requested is greater than Plaintiff's counsel's normal hourly rate of $222.50 per hour (*id*.), counsel's successful representation ultimately achieved reversal of the Commissioner's decision and remand of Plaintiff's application solely for calculation and payment of benefits (Dkt. 15-1 at 1; Dkt. 15-3).

The effective hourly rate of $516.27 falls within the range of rates under § 406(b) approved by courts. *See e.g.*, *Fields,* 24 F.4th at 856 (an effective hourly rate of $1,556.98 was not a "windfall"); *Jennifer W. v. Saul*, 18-CV-493F, 2021 WL 1624288, at *3 (W.D.N.Y. Apr. 27, 2021) (approving an effective hourly rate of $812.75); *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (effective hourly rate of $1,079.72 did not constitute "windfall" to counsel); *Mills v. Berryhill*, No. 15-CV-5502 (DLI), 2019 WL 1507923, at *2 (E.D.N.Y. Apr. 5, 2019) (effective hourly rate of $1,007.78 was reasonable); *McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926-FPG, 2019 WL 1375084, at *2 (W.D.N.Y. Mar. 27, 2019) (awarding fees with effective hourly rate of $1,051.64). Accordingly, in light of the above, the Court finds that a *de facto* hourly rate of $516.27 is reasonable and in line with awards generally approved in this District for similar work performed. The Court is also "mindful that 'payment for an attorney in a social security case is inevitability uncertain.'" *Buckley v. Berryhill*, 15-CV-0341-A, 2018 WL 3368434, at *2 (W.D.N.Y July 10, 2018) (quoting *Wells*, 907 F.2d at 371). Accordingly, "the Second Circuit has recognized that contingency risks are

necessary factors in determining reasonable fees under § 406(b)." *Id.* (quotation marks omitted).

The Court also notes that counsel is required to return the previously awarded EAJA fee of $6,230.00 to Plaintiff. (Dkt. 14). *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorneys' fees under § 406(b) (Dkt. 15) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel shall be paid attorneys' fees in the amount of $15,230.00 out of funds withheld from Plaintiff's past-due benefits; and (2) Plaintiff's counsel is hereby directed to refund the previously awarded EAJA fee of $6,230.00 to Plaintiff.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   July 6, 2023
         Rochester, New York